UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| KAREN L. DEXTER, | Case No. C17-5253-JPD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on the Commissioner's motion to dismiss for lack of subject matter jurisdiction. Dkt. 12. After careful consideration of the Commissioner's motion and Plaintiff's response, the governing law, and the balance of the record, the Court GRANTS the Commissioner's motion (Dkt. 12) and DISMISSES the case.

## II. BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits ("DIB") in September 2003, with a date last insured of December 31, 1997. Dkt. 12-2 at 2; Dkt. 12-3 at 12. This application was denied initially and upon reconsideration. Dkt. 12-3 at 2-3. The

reconsideration notice was dated April 15, 2004, and told Plaintiff she could appeal that denial by requesting a hearing with an administrative law judge ("ALJ") within 60 days. *Id*. Plaintiff did not appeal the reconsideration decision until March 21, 2005. Dkt. 12-3 at 7. The following day, Plaintiff explained her untimeliness: "'I didn't realize I had to refile in any certain amount of time, and have been very sick and Mother has died of cancer[.] [S]he was my first concern, and now I need help.'" Dkt. 12-7 at 5.

In August 2005, the ALJ found that Plaintiff had not shown good cause for filing an untimely request for a hearing, because the reconsideration notice clearly stated the 60-day deadline. Dkt. 12-3 at 7. The ALJ did not comment on the remainder of Plaintiff's explanation for her untimeliness. *Id*.

Plaintiff filed another DIB application in August 2007, and the ALJ denied the application based on *res judicata* in July 2009. Dkt. 12-3 at 12-14. The Appeals Council found that the ALJ should not have written a decision denying benefits, but should have instead dismissed Plaintiff's request for a hearing based on the application of *res judicata*. Dkt. 12-3 at 16-19.

Plaintiff sought judicial review, and the district court found that she had not exhausted her administrative remedies and had not raised a colorable constitutional claim that would except her from the exhaustion requirement. *See* Order Adopting R&R, *Dexter v. Astrue*, Case No. 11-5023-RJB (W.D. Wash. Nov. 22, 2011), ECF No. 25. Plaintiff appealed, and the Ninth Circuit reversed the district court's decision, finding that Plaintiff had raised a colorable constitutional claim of a denial of due process because the ALJ did not address all of the reasons Plaintiff provided to explain her untimeliness. *Dexter v. Colvin*, 731 F.3d 977 (9th Cir. 2013). The Ninth Circuit remanded the matter to the ALJ for consideration of all of

Plaintiff's reasons for her untimely filing. *Dexter*, 731 F.3d at 982.

The ALJ held a hearing on December 11, 2014. Dkt. 12-4 at 2-43, Dkt. 12-5 at 1-39, Dkt. 12-6 at 1-38. The ALJ issued a decision on November 27, 2015, finding that none of Plaintiff's reasons amounted to good cause for her untimely filing and dismissing her request for a hearing. Dkt. 12-7 at 5-12. Plaintiff filed exceptions to the ALJ's decision, and the Appeals Council found no reason to assume jurisdiction. Dkt. 12-7 at 14-19. Plaintiff now seeks judicial review.[1]

### III. ANALYSIS

A federal district court's review of claims arising under the Social Security Act is limited, and the court does not have subject matter jurisdiction over such claims unless a claimant has exhausted her administrative remedies as set forth in the Social Security Act. *See* 42 U.S.C. § 405(g); *Subia v. Comm'r of Social Sec. Admin.,* 264 F.3d 899 (9th Cir. 2001); *Bass v. Social Sec. Admin.,* 872 F.2d 832, 833 (9th Cir. 1989). Specifically, 42 U.S.C. § 405(g) "provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim." *Bass,* 872 F.2d at 833. The Code of Federal Regulations further defines "reviewable

---

[1] Plaintiff contends that the Commissioner's failure to file a complete certified administrative record hampers the Court's ability to review this case and constitutes a denial of due process to herself as well. Dkt. 20-1 at 15. Plaintiff is incorrect, because the Commissioner filed a motion to dismiss instead of answering Plaintiff's complaint. *See* Fed. R. Civ. P. 12(b). Therefore, the Commissioner did not err in failing to file a full certified record, which would have constituted an answer to Plaintiff's complaint. *See* General Order 05-15 (W.D. Wash. Jun. 1, 2015) (permitting the Commissioner to file the certified administrative record in lieu of a separate answer). The documents attached to the Commissioner's motion adequately document the history of this case, and Plaintiff has not identified any particular records that were needed in order to fully respond to the Commissioner's motion.

'final decisions' as decisions by the Appeals Council either reviewing or denying review of an ALJ decision." *Matlock v. Sullivan,* 908 F.2d 492, 493 (9th Cir. 1990) (citing 20 C.F.R. § 416.1481 (1989)).

A decision denying a claimant's benefits application upon reconsideration is not a "final decision," and therefore Plaintiff's failure to timely request a hearing amounts to a failure to exhaust her administrative remedies. Plaintiff appears to contend that she has "effectively exhausted her administrative remedies," but does not explain how this is so. Dkt. 20-1 at 10. Instead, her brief explains why colorable constitutional claims, for example, are not precluded by a failure to exhaust administrative remedies. *See* Dkt. 20-1 at 5-8. Thus, the Court must consider whether Plaintiff has again raised a colorable constitutional claim that would except her from the exhaustion requirement.

The Ninth Circuit in *Dexter* explained that because the ALJ addressed only the most "obviously deficient" grounds on which Plaintiff had claimed good cause for her untimely filing, Plaintiff was deprived of due process. 731 F.3d at 982 ("Dexter cited just three reasons for the late filing, and the ALJ addressed only the most obviously deficient of them. Due process requires more than that."). Thus, the Ninth Circuit held that due process required a remand to allow the ALJ to consider and address all of the reasons Plaintiff provided as explanation for her late filing. *Id*. ("We remand this matter to the district court to remand to the SSA to further consider Dexter's alternative grounds for good cause to file a late request for hearing on her 2003 application for benefits.").

On remand, the ALJ held a hearing, and took testimony from Plaintiff regarding the merits of her DIB claim as well as her reasons for untimely filing her request for a hearing. Dkt. 12-4 at 2-43, Dkt. 12-5 at 1-39, Dkt. 12-6 at 1-38. The ALJ's decision finds that Plaintiff

had not shown good cause for her untimely filing, and all of Plaintiff's reasons were addressed in detail. Dkt. 12-7 at 5-12. The ALJ's decision therefore complies with the Ninth Circuit's remand order, and Plaintiff has cited no authority requiring any additional process.[2]

Plaintiff also devotes a significant portion of her brief to challenging the merits of the ALJ's finding regarding good cause (Dkt. 20-1 at 11-17), but judicial review of the merits is foreclosed. *See Dexter*, 731 F.3d at 980-81 (holding that Plaintiff "is *not* entitled to seek judicial review of the merits of the ALJ's good-cause decision"). Plaintiff also seems to argue that due process requires a decision on the merits of her benefits application, but again, cites no authority supporting this position. Dkt. 20-1 at 8, 10-11. The Ninth Circuit's opinion in *Dexter* makes clear that Plaintiff was entitled to an evaluation of whether any of her reasons amounted to good cause, but does not suggest that Plaintiff was also entitled to a decision on the merits of her disability claim. *See* 731 F.3d at 981-82 ("[I]f a claimant provides a facially legitimate reason to constitutes 'good cause' under the Commissioner's regulations . . . then due process requires that the ALJ address it.").

Lastly, Plaintiff contends that the ALJ erred in considering only whether she had shown good cause for her untimely filing, without also considering whether her original claim should have been reopened when she reapplied for DIB in 2007, less than four years after she filed her original claim. Dkt. 20-1 at 15-16. Plaintiff raised this issue in exceptions to the Appeals Council, which found that the Ninth Circuit's consolidation of Plaintiff's applications

---

[2] Plaintiff does, however, cite Social Security Ruling ("SSR") 91-5p for the proposition that the ALJ should have given her the benefit of the doubt regarding her mental incapacity. Dkt. 20-1 at 14. But Plaintiff did not cite mental incapacity as a reason why her filing was untimely, and she did not describe mental incapacity at the hearing. Instead, as found by the Appeals Council, "[s]imply, there are no indications of such incapacity of record." Dkt. 12-7 at 18. Plaintiff has failed to establish error related to SSR 91-5p.

obviated any need for the ALJ to address reopening. Dkt. 12-7 at 15 ("The remand by the Court of Appeals pertained to both applications and thus rendered arguments of reopening moot."). Thus, the 2015 ALJ decision at issue addressed consolidated claims, such that "no issue of reopening required consideration." *Id*. Indeed, the Ninth Circuit's opinion addresses both of Plaintiff's applications (*Dexter*, 731 F.3d at 978), and it is therefore illogical to contend that Plaintiff's first application could or should have been reopened by the ALJ in 2015, because the ALJ's 2015 decision applied to all of Plaintiff's applications. Dkt. 12-7 at 5-12.

Accordingly, the Court finds that the ALJ's 2015 decision complies with the Ninth Circuit's remand order, and therefore provides the process that the Ninth Circuit indicated was due to Plaintiff. She has not shown that she was entitled to any further process or that the ALJ's decision was otherwise procedurally defective. She is not entitled to judicial review of the ALJ's substantive findings regarding good cause, and thus those findings must remain undisturbed. *See Dexter*, 731 F.3d at 981 ("Dexter is *not* entitled to judicial review of the merits of the ALJ's good-cause decision[.]").

## IV. CONCLUSION

For the reasons provided above, the Commissioner's motion to dismiss (Dkt. 12) is GRANTED and this case is DISMISSED.

DATED this 4th day of January, 2018.

*James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge